# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES, <br> Plaintiff, <br> v. <br> AARONAE SMITH, <br> Defendant. | Case No. 15-cr-00033-DMR-2 (JD) <br><br> **ORDER RE APPEAL** <br> Re: Dkt. No. 122 |

After an evidentiary hearing, Magistrate Judge Ryu found that Smith had violated the terms of her probation by associating with Isaiah McClain, a convicted felon, and sentenced her to two additional years of probation. Dkt. No. 95; Dkt. No. 101 at 46-48. Smith appeals on three grounds: (1) she was not properly advised of her *Miranda* rights and statements made during a custodial interrogation should have been excluded; (2) the government failed to prove that Smith knew McClain was a convicted felon and had notice of the condition barring contact with a convicted felon; and (3) the order improperly forbids Smith from maintaining contact with McClain. Smith appears to have tried to appeal the order directly to the Ninth Circuit, which remanded it for further proceedings here. Dkt. No. 118.

The scope of Smith's appeal is the same as in an appeal of a district court decision to the Ninth Circuit. Fed. R. Crim. P. 58(g)(2)(D). Findings of fact are reviewed for clear error. *Burlington Northern, Inc. v. Weyerhaeuser Co.*, 719 F.2d 304, 307 (9th Cir.1983). Conclusions of law, including the adequacy of a *Miranda* warning and the voluntariness of a defendant's statements, are reviewed de novo. *United States v. Williams*, 435 F.3d 1148, 1151 (9th Cir. 2006). An order revoking probation or imposing a term of probation is reviewed for an abuse of discretion. *See United States v. Wolf Child*, 699 F.3d 1082, 1089 (9th Cir. 2012); *United States v. Laughlin*, 933 F.2d 786, 788 (9th Cir. 1991). The Court may affirm on any basis supported by the

record. *United States v. Pope*, 686 F.3d 1078, 1083 (9th Cir. 2012).

The Court affirms the magistrate judge's decision in all respects. Smith's main contention on appeal is that the magistrate judge incorrectly held that "*Miranda* does not strictly apply in probation revocation proceedings." Dkt. No. 101 at 47. There are good grounds supporting that finding, but as the United States acknowledges, the application of *Miranda* in revocation proceedings is not entirely settled. Dkt. No. 127 at 8. The Court need not reach the issue because the record shows that Smith received adequate *Miranda* warnings, and so any error in the magistrate judge's finding -- and to be clear, the Court does not find legal error -- was harmless. *See United States v. Li*, 499 Fed. Appx. 716, 717 (9th Cir. 2012).

The *Miranda* facts are straightforward. Before Smith was questioned, a Solano County Sheriff's detective advised her that "You don't have to answer [anything]," and that "you have the right to remain silent; anything you say can be used against you in court; you have a right to a lawyer, to have a lawyer present both before and during questioning; if you can't afford to hire a lawyer, one could be provided to you free of charge. Understand that?" Dkt. No. 127-1 at 10:41. Smith answered in the affirmative and then proceeded to answer the detectives' questions. *Id.* As the magistrate judge found, with no meaningful dispute by defendant here, Smith was "composed and forthright in here statements" during the questioning. Dkt. No. 101 at 47.

Overall, the record indicates that the officers reasonably conveyed the *Miranda* rights to Smith, she understood them, and was not coerced, intimated or forced to give statements. That is all *Miranda* requires, and defendant's insistence that certain specific words should have been used is of no moment. *Missouri v. Seibert*, 542 U.S. 600, 611 (2004).

Smith's contention that the United States waived any reliance on the adequacy of the *Miranda* procedures here is not well taken. It is true that a court on appeal will generally not consider arguments which were not first raised before the trial court. *United States v. Almazan-Becerra*, 482 F.3d 1085, 1090 (9th Cir. 2007). But the government did raise the adequacy issue before the magistrate judge. At oral argument, the government told the court that "the government's position is that the *Miranda* warnings were adequate here and the defendant voluntarily gave her statements." Dkt. No. 101 at 6; *see United States v. Bonds*, 608 F.3d 495, 502

(9th Cir. 2010).

Smith's other grounds for appeal are unavailing. The record contained sufficient evidence that Smith knew McClain was a felon, Dkt. No. 127-1 at 10:44, 10:49, 11:01-11:04, 11:28; Dkt. No. 101 at 16-17, and that Smith had actual notice of the standard conditions of probation, Dkt. No. 38 ¶ 8; Dkt. No. 101 at 10, 17, 42.

The magistrate court also did not err in preventing Smith from maintaining contact with McClain while on probation. Smith relies on *Wolf Child*, which requires the court to justify on the record its decision to impose a condition of supervised release that implicates a "particularly significant liberty interest." *Wolf Child*, 699 F.3d at 1090. Specifically, when a condition targets a defendant's right to associate with "an intimate family member," the court must "undertake an individualized review on the record of the relationship between the defendant and the family member at issue to determine whether the restriction is necessary to accomplish the goals of deterrence, protection of the public, or rehabilitation." *Id.* The Court has doubts that *Wolf Child* has any bearing on this case, because *Wolf Child* and its progeny concern a type of relationship that Smith has not established here. *Wolf Child*, 699 F.3d 1082 (defendant with his fiancé and their daughters); *United States v. Ly*, 650 Fed. Appx. 503, 507 (9th Cir. 2016) (defendant with his wife); *United States v. McGuire*, 601 Fed. Appx. 554 (9th Cir. 2015) (defendant with his son). The record does not show that Smith's relationship with McClain implicates "the fundamental right to familial association" at issue in *Wolf Child*. *See* Dkt. No. 127-1 at 11:10 (Detective: "He ain't got no hold on you?" Smith: "No. If he [did], I'd be crying my eyes out, 'Oh he's in jail; I'm never going to see him again.'" Detective: "So what's your relationship really like with him?" Smith: "I mean, we cool. We've been talking for a minute. But like you said I'm young. I'm 24. I ain't got no ring on my finger. I ain't got no kids. Don't nobody have a hold on me.").

Even if *Wolf Child* does apply, the magistrate court satisfied its obligations to undertake an individualized review of Smith's relationship with McClain, and the court did not err in preventing them from associating while Smith is on probation. *See* Dkt. No. 106 at 22, 25-28.

**AFFIRMED.**

Dated: December 15, 2017

JAMES DONATO
United States District Judge